WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria M. Gonzalez, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> State of Arizona, et al., <br><br> Defendants. | No. CV 06-1268-PHX-ROS <br> No. CV 06-1362-PHX-ROS (cons) <br><br> No. CV 06-1575-PHX-EHC <br><br> **OPINION AND ORDER** |

Pending before the Court is a Motion to Intervene and a Motion to Transfer and Consolidate. For the following reasons, the Motion to Intervene will be denied and the Motion to Transfer and Consolidate will be granted.

**I. Motion to Intervene**

One day after the Court denied Plaintiffs' request for a temporary restraining order, a ballot initiative political committee known as Yes on Proposition 200, and Randall Pullen, the chairmen of Yes on Proposition 200, sought leave to intervene. (Doc. 72) The proposed-intervenors seek either intervention as a matter of right or permissive intervention. The Inter Tribal Council of Arizona opposes the intervention, arguing that the proposed-intervenors do not qualify for either form of intervention. (Doc. 104)

**A. Intervention as a Matter of Right**

"[A]n applicant for intervention as of right must demonstrate that: (1) the intervention application is timely; (2) the applicant has a 'significant protectable interest relating to the property or transaction that is the subject of the action'; (3) 'the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest'; and (4) 'the existing parties may not adequately represent the applicant's interest.'" Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006) (quoting United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004)). A proposed-intervenor must satisfy *all* of these requirements to be entitled to intervention as a matter of right. Id. (finding that failure to satisfy fourth requirement meant intervention should not have been granted). Assuming that the proposed-intervenors have satisfied the first three elements, they have not presented adequate evidence that the existing defendants "may not adequately represent [their] interest." Id. Thus, the proposed-intervenors are not entitled to intervention as a matter of right.

"In assessing whether a present party will adequately represent an intervenor-applicant's interests, [a court must] 'consider several factors, including whether [a present party] will undoubtedly make all of the intervenor's arguments, whether [a present party] is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected.'" Id. at 956 (quoting Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 528 (9th Cir. 1983)). When, as here, "the government is acting on behalf of a constituency that it represents," there is an assumption that the government will adequately represent that constituency. Id. To rebut that assumption proposed-intervenors must make a "very compelling showing," including a demonstration that the "government will abandon or concede a potentially meritorious reading of the statute." Id.; California ex rel. Lockyer v. United States, 450 F.3d 436, 444 (9th Cir. 2006).

In this case, the state defendants have already vigorously defended Proposition 200 in the context of Plaintiffs' request for a temporary restraining order. Also, the state defendants' ultimate objective is a favorable ruling on the legality of Proposition 200, the same objective as the proposed-intervenors. Finally, there is no indication that the State

- 2 -

defendants will "abandon or concede a potentially meritorious reading of the statute." Id. Thus, the proposed-intervenors have not satisfied the requirements for intervention as a matter of right.

### B. Permissive Intervention

Federal Rule of Civil Procedure 24(b) sets forth the procedure for permissive intervention. According to that Rule, a court must evaluate a request for permissive intervention by considering "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). A court should also "consider whether the applicant's input is likely to make a significant and useful contribution to the development of the underlying factual and legal issues." James Wm. Moore, Moore's Federal Practice § 24.10[2][b] (3d ed. 2006). Deciding whether to grant permissive intervention "is directed to the sound discretion of the district court." San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1100 (9th Cir. 1999).

In support of their request for permissive intervention, the proposed-intervenors state that they will not seek to alter the discovery or hearing schedule. Thus, they believe that any delay caused by their intervention would be "*de minimis*." (Doc. p.7) Given the extremely compressed discovery and hearing schedule, the state defendants' ability to represent the proposed-intervenors' positions, and judicial economy concerns regarding the multiplication of proceedings, the Court does not agree that allowing intervention would have only a minor impact. See Venegas v. Skaggs, 867 F.2d 527, 531 (9th Cir. 1989) (stating judicial economy is a valid consideration in deciding motion for permissive intervention); Menominee Indian Tribe of Wisconsin v. Thompson, 164 F.R.D. 672, 678 (W.D. Wis. 1996) (denying permissive intervention after determining state was adequately representing interests of proposed-intervenor and intervention would not promote "prompt determination" of issues before the court). Therefore, in an exercise of its discretion, the Court determines that permitting the intervention of the proposed-intervenors would "unduly delay or prejudice the

adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). Thus, the proposed-intervenors are not entitled to permissive intervention.

## II. Motion to Transfer and Consolidate

On June 30, 2006, the Secretary of State and the State of Arizona moved to transfer and consolidate with the actions currently before this Court an action pending before Judge Carroll. (Doc. 92) The case before Judge Carroll involves claims by the Navajo Nation that Proposition 200's voter identification requirements violate federal statute and are unconstitutional. The Navajo Nation believes that transfer and consolidation is inappropriate because the facts and specific relief they seek differ from the facts and relief sought in the previously consolidated cases. (06-1575 Doc. 15) The state defendants, however, believe that there is "substantial overlap" in the legal theories in each case and judicial economy favors transfer. (06-1575 Doc. 21 p.2)

Federal Rule of Civil Procedure 42(a) allows for the consolidation of related actions. The Rule states, in relevant part, "[w]hen actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated." Fed. R. Civ. P. 42(a). If two cases qualify for consolidation pursuant to this rule, a court must "weigh[] the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." Paxonet Communications, Inc. v. TranSwitch Corp., 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003). There is no dispute that the actions the State seeks to consolidate "involve a number of common questions of law and fact." Id. The actions presently before the Court as well as the Navajo Nation action involve an alleged conflict between federal statutory law and Proposition 200. The actions also share an allegation that Proposition 200 violates a number of constitutional provisions. Thus, there are substantial "common question[s] of law or fact" for the Court to resolve that favor consolidation. Fed. R. Civ. P. 42(a).

The Navajo Nation argues that important factual differences are present such that consolidation is not proper. But the factual differences in the actions are not sufficient to

- 4 -

prevent consolidation. See Bowman v. Legato Systems, Inc., 195 F.R.D. 655, 657 (N.D. Cal. 2000) (ordering cases consolidated despite factual differences). For example, in the actions currently pending before the Court, the Plaintiffs seek statewide relief; in the Navajo Nation action, however, the Plaintiffs seek relief only for voters on the Navajo Nation. The Navajo Nation Plaintiffs argue that this difference in the scope of relief requested prevents consolidation. While the scope of relief requested may be different, the legal and factual issues in determining whether such relief is appropriate are substantially similar in all of the actions. Thus, this factual difference is insufficient to prevent consolidation. The other factual differences cited by the Navajo Nation are also unavailing. Therefore, the actions will be ordered consolidated.

Accordingly,

**IT IS ORDERED** the Motion to Intervene (Doc. 72) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion to Transfer and Consolidate (Doc. 92) is GRANTED. Case number CV-06-1575-PHX-EHC shall be transferred to this Court and consolidated with case number CV-06-1268-PHX-ROS.

DATED this 8/2/06.

Roslyn O. Silver
United States District Judge

- 5 -